UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-488-CRS

SHAD LETHIOT,                                                                                    Plaintiff,

v.

JB HUNT SHIPPING, a/k/a J.B. Hunt Transport, Inc.                         Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a request for attorney's fees by Plaintiff Shad Lethiot ("Lethiot"). The Court ordered Defendant JB Hunt Shipping ("JB Hunt") and Intervenor Plaintiff Family Dollar Stores, Inc. ("Family Dollar") to reimburse Lethiot for his reasonable expenses, including attorney's fees, incurred in relation to a settlement conference set for March 9, 2017. (*See generally* DN 95.) Lethiot filed an itemization of fees and expenses (DN 97). JB Hunt and Family Dollar each filed responses opposing, in part, the amount requested by Lethiot. (*See* DN 103 (Family Dollar's response); DN 104 (JB Hunt's response).) For the following reasons, the Court sustains Family Dollar's response and overrules in part and sustains in part JB Hunt's response to Lethiot's request for reimbursement. Further, the Court orders Family Dollar and JB Hunt to reimburse Lethiot in the amount of **$3,269.45**, with each party responsible for half of that amount.

### BACKGROUND

On July 18, 2017, the Court ordered JB Hunt and Family Dollar to reimburse Lethiot for his attorney's fees and costs incurred in relation to the settlement conference set for March 9, 2017. (DN 95.) Specifically, in a memorandum opinion and order (DN 95) on Lethiot's motion for sanctions (DN 80), the Court found that both JB Hunt and Family Dollar violated the order

for settlement conference (DN 66). As a result of these violations of a Court order, the Court cancelled and rescheduled the March 9, 2017 settlement conference. The Court ordered Lethiot to file an itemization reflecting his attorney's fees, costs, and expenses, including Lethiot's travel expenses, incurred in preparation for the settlement conference, the events of March 9, 2017, and the preparation of his motion for sanctions and reply to JB Hunt's response thereto. (DN 95 at 27.) The Court ordered JB Hunt and Family Dollar to reimburse Lethiot for the fees and expenses set forth in the itemization, with each party responsible for half of the total amount. (DN 95 at 27-28.) The Court stated that JB Hunt and/or Family Dollar may file objections as to the reasonableness of the amount sought by Lethiot, and that if either party filed such an objection, the deadline for reimbursement would be stayed pending resolution of the objections. (*Id.* at 28.) On July 25, 2017, the Court conducted a settlement conference in this case. That conference led to a resolution of all claims, with the exception of an attorney's lien asserted by Lethiot's former counsel. At the time of entry of the instant memorandum opinion and order, the parties are working together to finalize the terms of their agreement (*see, e.g.*, DN 108, 111).

Lethiot timely submitted his itemization of fees (DN 97). He sets forth a list of fifteen entries for attorney work comprising 31.3 hours, at a rate of $200 per hour, for a total of **$6,260 in attorney's fees**, as well as **$769.45 for Lethiot's travel expenses**. (*Id.*)

JB Hunt and Family Dollar filed timely responses in opposition (DN 103, 104.) Family Dollar objects to reimbursing Lethiot for any activities that "did not need to be replicated for the second settlement conference [conducted in this case on July 25, 2017], or would have been reasonably undertaken despite the failure of the first conference." (DN 103 at 2.) For this reason, Family Dollar objects to a total of 18.8 hours of attorney work identified in Lethiot's

itemization, which, at an hourly rate of $200, amounts to a total of $3,760. (*Id.*) For example, Family Dollar argues that time spent drafting Lethiot's confidential settlement statement and creating a PowerPoint presentation should not be included in the reimbursement amount because Lethiot's counsel used the settlement statement and PowerPoint presentation in relation to the July settlement conference. Accordingly, Family Dollar asks that the Court reduce the reimbursement amount from the $6,260 that Lethiot seeks for attorney's fees to $2,500.[1]

In its response in opposition, JB Hunt adopts the arguments set forth in Family Dollar's response. (*See* DN 104 at 2.) In the alternative, JB Hunt asks the Court to reduce the award based on certain entries as to which, it argues, Lethiot's counsel's time was unjustified under the circumstances of this case. For example, JB Hunt argues that it was unreasonable for Lethiot's attorney to have spent 6.6 hours preparing the confidential settlement statement because the facts, medical expenses, and other alleged damages were established in the initial worker's compensation action and because there was little in the way of settlement discussions before the March 9, 2017 settlement conference date. (*Id.* at 2 (looking to Court's required topics for confidential settlement statement).) It also argues that it was unreasonable for Lethiot's counsel to spend 9.8 hours to prepare a PowerPoint presentation, stating that this amount of time was excessive, repetitive, and unnecessary. (*Id.*) JB Hunt asks the Court to reduce by half the amount of time for reimbursement for preparation of the settlement statement and to disallow the fees for creation of the PowerPoint presentation. Accordingly, JB Hunt requests that the Court reduce the requested attorney's fee amount, $6,260, by the amount requested by Family Dollar,

---

[1]
```
    $6,260.00
  - $3,760.00
    $2,500.00
```

3

or in the alternative, by $2,620 ($660 for half of the time spent preparing the settlement statement, and $1,960 for the time spent preparing the PowerPoint presentation).[2]

Neither JB Hunt nor Family Dollar expressly objects to Lethiot's travel expenses. Additionally, neither Family Dollar nor JB Hunt questions Lethiot's counsel's hourly rate. Finally, neither party cites any authority in support of their argument that Lethiot should not be reimbursed for work that they contend was necessary in relation to the July 25, 2017 settlement conference.

## DISCUSSION

"As the party applying for attorney's fees, [Lethiot] has the burden of showing [that he is] entitled to such an award by documenting the appropriate time spent on the matter in addition to hourly rates." *Clear Cast Group, Inc. v. Ritrama, Inc.*, 2012 U.S. Dist. LEXIS 91188, *2 (N.D. Ohio July 2, 2012) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (additional citations omitted). "Such a requirement does not require the party to show exactly how each minute was spent, however the general subject matter should be contained in counsel's time sheets." *Id.* at *2-3. The accepted method of calculating attorney's fees is known as the "Lodestar method." *J & J Sports Prods., Inc. v. Cole's Place, Inc.*, 2011 U.S. Dist. LEXIS 153137, *14 (W.D. Ky. Nov. 28, 2011) (citations omitted). The Lodestar method requires that the "hours reasonably expended by counsel are multiplied by a reasonable hourly rate commensurate with that fee rate imposed in the local legal community by counsel of similar experience." *Id.* (citations omitted).

---

[2]  
    $6,260.00  
      $660.00  
- $1,960.00  
    $3,640.00

As the party seeking reimbursement of attorney's fees, Lethiot has the burden of showing that his counsel's hourly rate is reasonable. *See Holly v. UPS Supply Chain Solutions, Inc*., 2015 U.S. Dist. LEXIS 65614, *15 (W.D. Ky. May 19, 2015) (citations omitted). Lethiot seeks reimbursement of $6,260, for 31.3 hours of work at a rate of $200 per hour, all performed by attorney Coy Travis. (DN 97.) Case law from the Sixth Circuit and district courts within it, including this Court, strongly favors submission of affidavits from counsel and counsel's peers in the local legal community in support of the hourly rate requested. *See, e.g.*, *Briscoe v. Preferred Health Plan, Inc.*, 2010 U.S. Dist. LEXIS 50807, *39-40 (W.D. Ky. Feb. 11, 2010) (noting that Eastern District of Kentucky "has observed that submitting affidavits is the best way to establish the reasonableness of a rate") (quotation omitted) (rev'd on other grounds, 2010 U.S. Dist. LEXIS 36079 (W.D. Ky. Apr. 7, 2010)). In this case, Travis did not provide any support, by affidavit or citations to legal authority, for his requested rate of $200 per hour. (*See generally* DN 97.)

It is worth noting that neither Family Dollar nor JB Hunt challenged the requested rate. Moreover, based on the Court's familiarity with this case, decisions on attorney's fees from this district over the last several years, and the Court's own knowledge of and experience with the local legal market, the Court finds that Travis's requested hourly rate of $200 is reasonable. Travis is the lead counsel in this case, a role that he has held since November 2016. (*See* DN 65 (Travis's notice of appearance).) This case involves three parties and stems from allegedly lifelong injuries suffered by Travis's client, Lethiot. It requires an understanding of multiple areas of the law. The Court is satisfied that Travis has provided Lethiot with competent representation and was well prepared for both the original settlement conference date in March

2017 and the rescheduled date in July 2017. Accordingly, the Court concludes that the requested hourly rate of $200 is reasonable.

The Court will now address the reasonableness of the amount sought by Lethiot. To begin, the Court finds that Lethiot has provided sufficient basis for reimbursement of his personal expenses incurred in relation to the March 9, 2017 settlement conference. Moreover, Family Dollar and JB Hunt do not object to that amount. Accordingly, the Court concludes that Lethiot is entitled to reimbursement in the amount of **$769.45** in relation to his personal expenses.

The Court will reduce the amount of attorney's fees sought by Lethiot's counsel, Travis, from **$6,260** to **$2,500**. The Court arrived at this amount largely for the same reason suggested by Family Dollar and adopted by JB Hunt. Again noting that neither Family Dollar nor JB Hunt cited any authority for the proposition that Lethiot's counsel should not be reimbursed for work that was later put to use in relation to the July 25, 2017 settlement conference, the Court agrees that this reasoning is appealing from a logical and fair-minded perspective. Rule 16(f), which was the basis for the sanctions imposed against Family Dollar and JB Hunt (*see* DN 95 at 12-13), provides further guidance. The Rule states that, "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses -- including attorney's fees -- incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or *other circumstances make an award of expenses unjust*." Fed. R. Civ. P. 16(f)(2) (emphasis added). Under the particular circumstances presented here, the Court finds that it would be unjust to require Family Dollar and JB Hunt to reimburse Lethiot for work performed by his attorney prior to the March 9, 2017 settlement

conference where such work was not causally related to the violations of the settlement conference order and was put to use in relation to the July 25, 2017 settlement conference. The latter conference proved successful, and the Court attributes that success in part to the preparedness of Lethiot's counsel. In other words, his work before the March settlement conference date did not go to waste.

Additionally, the Court looks to recent language by the Supreme Court in *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178 (2017). The Court notes that in this case, it imposed sanctions pursuant to Rule 16(f), in conjunction with Rule 37(b)(2), whereas in *Haeger*, the Supreme Court looked at sanctions imposed pursuant to courts' inherent power. While these circumstances are certainly different, the Court finds that the Supreme Court's reasoning in *Haeger* is instructive in this case. The Court emphasized that "such a sanction, when imposed pursuant to civil procedures, must be compensatory rather than punitive in nature." *Id.* at 1186 (citing *Mine Workers v. Bagwell*, 512 U.S. 821, 826-30 (1994)); *see id.* ("[T]he fee award may go no further than to redress the wronged party 'for losses sustained'; it may not impose an additional amount as punishment for the sanctioned party's misbehavior.") (citing *Mine Workers*, 512 U.S. at 826 (internal citation omitted)). The Supreme Court went on to state, "[t]hat means, pretty much by definition, that the court can shift only those attorney's fees incurred because of the misconduct at issue." *Id.* at 1186. This requires the existence of a "causal connection" between the bad-faith acts and the damages that they cause. *Id.* In a footnote, the Court also recognized that "[r]ule-based and statutory regimes similarly require courts to find such a causal connection before shifting fees." *Id.* at 1186 n.5 ("For example, the Federal Rules of Civil Procedure provide that a district court may order a party to pay attorney's fees 'caused by'

7

discovery misconduct, Rule 37(b)(2)(C), or 'directly resulting from' misrepresentations in pleadings, motions, and other papers, Rule 11(c)(4)."). The Court found that "[t]hose provisions confirm the need to establish a causal link between misconduct and fees when acting under inherent authority, given that such undelegated powers should be exercised with especial 'restraint and discretion.'" *Id.* (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)).

Guided by Rule 16(f)(2) and the Supreme Court's discussion in *Haeger*, the Court will reduce the amount awarded to Lethiot for attorney's fees from the requested $6,260 to $2,500. This is consistent with the Court's analysis above and its review of the itemization of fees, as well as the reduction requested by Family Dollar and adopted by JB Hunt. The Court concludes that item numbers 2, 3, 4, 5, 6, and 7 (DN 97 at 1-2) in Lethiot's itemization are not reimbursable because there is not a causal link between those items and the settlement conference order violations by Family Dollar and JB Hunt. Each of the actions set forth in item numbers 2, 3, 4, 5, 6, and 7 were related to general preparation for the original March settlement conference and remained useful to Lethiot in relation to the rescheduled July settlement conference. By contrast, there is a causal connection between Family Dollar and JB Hunt's bad-faith acts and the *remaining* items in Lethiot's counsel's recording, which relate to counsel's time on the date of the failed settlement conference and his briefing on the motion for sanctions. (*See id.* at 2, Nos. 8-15.) Item numbers 2, 3, 4, 5, 6, and 7 account for 18.8 hours of attorney work, which at an hourly rate of $200 totals $3,760. The total amount of requested attorney's fees is $6,260, and that amount less the $3,760 to be deducted leaves a difference of $2,500. Finally, the Court concludes that the total award to be divided equally between Family Dollar and JB Hunt is

8

**$3,269.45**, which consists of $2,500 in attorney's fees and $769.45 in Lethiot's personal expenses.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Family Dollar's response in opposition (DN 103) is SUSTAINED and JB Hunt's response in opposition (DN 104) is OVERRULED IN PART and SUSTAINED IN PART.

IT IS FURTHER ORDERED that, in accordance with the Court's memorandum opinion and order sanctioning Family Dollar and JB Hunt for their conduct in relation to the March 9, 2017 settlement conference date (DN 95), Family Dollar and JB Hunt SHALL REIMBURSE Lethiot in the amount of **$3,269.45**. Such amount consists of $2,500 in attorney's fees and $769.45 in Lethiot's personal expenses. Family Dollar and JB Hunt SHALL EACH BE RESPONSIBLE FOR HALF of that award. Payment SHALL be made **no later than September 22, 2017** by such terms as are communicated by Lethiot's counsel to Family Dollar and JB Hunt's counsel.

cc: Counsel of record